JUDGE KATHLEEN CARDONE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

NATHANIEL BUTKO,                         )
    Plaintiff,                         )
                        )
v.                                       )   Civil Action No. _____
                        )
SAM'S CLUB,                              )
    Defendant.                         )

# EP15CV0389

## DEFENDANT SAM'S CLUB'S NOTICE OF REMOVAL

1.    This Notice of Removal is filed under 28 U.S.C. § 1441 based on diversity of citizenship.

## I. BACKGROUND

2.    Plaintiff's Original Petition was filed in state court and assigned to the 171st Judicial District Court of El Paso County, Texas, under Cause No. 2015-DCV-3018.[1]

3.    Plaintiff asserts a state law claim for premises liability, alleging that part of his left hand became "ensnarled, snagged, or caught" in a protruding bent "locking apparatus" which was part of a pallet rack system used to display merchandise.[2] Plaintiff further alleges that when he reflexively recoiled from having his hand ensnarled, the resulting force was sufficient to "shear, rip, and ultimately amputate his left hand middle finger above the middle joint as well as damage additional areas of his left hand."[3]

4.    Written notice of removal has been given to Plaintiff and the state court clerk.

5.    Defendant's agent was served by registered or certified mail postmarked on November 17, 2015, and delivered on November 19, 2015[4]; thus, removal is timely under 28 U.S.C. § 1446(b).

6.    The El Paso Division of the Western District of Texas embraces the place where the state court case was pending; thus, venue is proper under 28 U.S.C. §§ 1441(a) and 124(d)(3).

---

[1] *See* Exhibit "A," Original Petition, P. 1.

[2] *See id.*, ¶¶ 8, 15.

[3] *Id.*, ¶ 16.

[4] *See* Exhibit "A," Citation and Return.

7.   Defendant answered in state court[5] and reserves the right to plead further as permitted.

8.   All documents filed in state court are attached as Exhibit "A."

## II. BASIS FOR REMOVAL

9.   This case is being removed based on diversity of citizenship under 28 U.S.C. § 1441(b).

### A. Diversity of Citizenship

10.  Plaintiff is a Texas citizen.[6] Defendant is not a Texas citizen.[7] Thus, the parties are completely diverse.

### B. Amount in Controversy

11.  For a diversity case to be removable, the amount in controversy must exceed $75,000.[8]

12.  Under Texas Rule of Civil Procedure 47(c), an original petition must disclose whether the monetary relief sought by the plaintiff is: (a) no more than $100,000; (b) between $100,000 and $200,000; (c) between $200,000 and $1,000,000; or (d) more than $1,000,000.[9]  Plaintiff failed to comply with this requirement, saying nothing in his petition about the category of monetary relief he seeks,[10] thereby depriving Defendant of potential evidence of removability.

13.  However, despite failing to specify the category of monetary relief sought, Plaintiff

---

[5] *See* Exhibit "A," Original Answer.

[6] *See* Exhibit "A," Original Petition, ¶ 2 (identifying Plaintiff as "a resident of El Paso County, Texas").

[7] *See* Exhibit "A," Original Petition, ¶ 3 (identifying Defendant as "a nonresident corporation"). *See also* Exhibit "B," Assumed Name Certificate on file with the Texas Secretary of State (identifying "Sam's Club" as an assumed name for "Sam's East, Inc.," a corporation which was formed in Arkansas and which has its principal place of business there).

[8] *See* 28 U.S.C. §§ 1441 and 1332(a).

[9] Tex. R. Civ. P. 47 (c)(1)-(5).

[10] *See* Exhibit "A," Original Petition, ¶¶ 1-23 (failing to state the category of monetary relief sought as required by Tex. R. Civ. P. 47(c)). Although the petition does state that the relief sought is "within the jurisdictional limits of th[e state] court," *id.*, ¶ 22, such a statement is separately required by Tex. R. Civ. P. 47(b).

**DEFENDANT SAM'S CLUB'S NOTICE OF REMOVAL**                    **Page 2 of 5**

requested "that discovery be conducted under Level 3."[11] In Texas courts, Level 1 applies to

expedited actions,[12] that is, cases where no more than $100,000 is sought,[13] Level 2 applies

where neither Level 1 nor Level 3 applies,[14] and Level 3 applies where the court orders that

discovery be "tailored to the circumstances of the specific suit."[15] As a result, because Level 1 is

"mandatory" for expedited actions seeking no more than $100,000,[16] Level 3 is generally

available only where more than $100,000 is sought. Notably, although an exception to the

expedited actions procedure can be made "on motion and a showing of good cause,"[17] no such

exception was sought by Plaintiff.[18]

14. Accordingly, it may fairly be concluded from Plaintiff's pleading of Level 3 that he seeks

more than $100,000, and thus that the amount in controversy exceeds the more than $75,000

required for removal.

15. Furthermore, to conclude otherwise would allow Plaintiff to deprive Defendant of potential

evidence of removability by circumventing or disregarding state court pleading requirements. As

noted by the Fifth Circuit in *Pollet v. Sears*:

---

[11] Exhibit "A," Original Petition, ¶ 1.

[12] *See* Tex. R. Civ. P. 190.2(a)(1) ("[Level 1 applies to] any suit that is governed by the expedited actions process in Rule 169").

[13] *See* Tex. R. Civ. P. 169(a)(1) (providing that "expedited actions process" applies to cases where no more than $100,000 is sought).

[14] *See* Tex. R. Civ. P. 190.3(a) ("Unless a suit is governed by a discovery control plan under Rules 190.2 [Level 1] or 190.4 [Level 3], discovery must be conducted in accordance with [Level 2]").

[15] *See* Tex. R. Civ. P. 190.4(a) ("The court must, on a party's motion, and may, on its own initiative, order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of the specific suit").

[16] *See* Tex. R. Civ. P. 169, cmt 2 ("The expedited actions process created by Rule 169 is mandatory; any suit that falls within the definition of 169(a)(1) [i.e., seeks no more than $100,000] is subject to the provisions of the rule," including 169(d)(1), which provides that "[d]iscovery is governed by Rule 190.2 [i.e., Level 1]").

[17] *See* Tex. R. Civ. P. 169(c)(1)(A) (providing that a case can be removed from the expedited actions process "on motion and a showing of good cause").

[18] *See* Exhibit "A," Original Petition (no exception to expedited actions procedure sought by Plaintiff; instead, discovery commenced by including requests for disclosure, *see* P. 7).

---

**DEFENDANT SAM'S CLUB'S NOTICE OF REMOVAL**                    **Page 3 of 5**

> [D]efendants must be protected from plaintiffs who seek to manipulate their state pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand…this Court adamantly seeks to prevent plaintiffs who manipulate pleadings in such fashion from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute.[19]

16. Pleading-rule violations aside, the nature of Plaintiff's alleged injuries and damages clearly make this case removable. Plaintiff alleges that he suffered not only "amputat[ion of] his left hand middle finger above the middle joint," but also "damage [to] additional areas of his left hand."[20] In connection with these serious injuries, Plaintiff alleges the following damages: (a) past and future pain and suffering; (b) past and future mental anguish; (c) past and future permanent disfigurement; (d) past and future permanent physical impairment; (e) loss of substantial occupational and normal function of his left hand which, as a matter of reasonable medical probability, will never  be fully regained; (f) substantial impairment of his ability to practice his trade as a licensed dentist (a high wage profession); (g) past and future loss of earning capacity; and (h) past and future medical expenses.[21] Similar allegations have been held to make it facially apparent that the amount in controversy required for removal exists.[22]

### III. JURY DEMAND

17. Defendant paid for a state court jury trial and requests a jury trial in this Court.

---

[19] *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, 2 (5th Cir. July 18, 2002) (*citing De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir.1995) (quotation marks omitted).

[20] Exhibit "A," Original Petition, ¶ 16.

[21] Exhibit "A," Original Petition, ¶¶ 17-20, 22.

[22] *See, e.g.,* cases cited in *Bourne v. Wal-Mart,* 582 F.Supp.2d 828, 840 (E.D. Tex. 2008), including *Gebbia v. Wal–Mart,* 233 F.3d 880, 883 (5th Cir. 2000) (affirming that it was "facially apparent" that the amount in controversy exceeded $75,000.00 based on alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); and *Simon v. Wal–Mart,* 193 F.3d 848, 851 (5th Cir. 1999) (commenting that if the plaintiff had alleged any damages for emotional distress, functional impairments, or disability, it would have supported a larger monetary basis for federal jurisdiction. Here, Plaintiff did allege damages for emotional distress, impairment, and disability (loss of earning capacity). *See* Exhibit "A," Original Petition, ¶¶ 17-20, 22.

**DEFENDANT SAM'S CLUB'S NOTICE OF REMOVAL**                    **Page 4 of 5**

## IV. PRAYER

18.  Wherefore, Defendant requests that this case be placed on the Court's docket and further requests any other relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: _____
Laura Enriquez
State Bar No. 00795790

Attorneys for Defendant
SAM'S EAST, INC.

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on this _18_ day of December, 2015, a true and correct copy of the foregoing document was served on Plaintiff's attorneys of record as follows:

Thomas W. Hamrick                     **Served via:**
Armstrong & Hamrick                   ___✔_ Facsimile
6060 Surety Drive, Suite 230          _____ Certified Mail, RRR
El Paso, Texas 79905                  _____ Hand Delivery
FAX (915) 779-8790


John P. Mobbs                         **Served via:**
Attorney-at-Law                       ___✔_ Facsimile
7170 Westwind Drive, Suite 201        _____ Certified Mail, RRR
El Paso, Texas 79912                  _____ Hand Delivery
FAX (915) 541-8830


_____
Laura Enriquez

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **SAM'S CLUB**, which may be served with process by serving its registered agent, **CT CORPORATION SYSTEM at, 1999 BRYAN ST., STE. 900, DALLAS, TEXAS 75201-3136**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Requests for Disclosure at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **171st Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 9th day of September, 2015, by Attorney at Law THOMAS W HAMRICK, 6060 SURETY DRIVE, SUITE 230, EL PASO, TEXAS 79905 in this case numbered **2015DCV3018** on the docket of said court, and styled:

## NATHANIEL BUTKO vs. SAM'S CLUB

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Requests for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 11th day of September, 2015.

Attest: NORMA L. FAVELA, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA L. FAVELA**
**District Clerk**
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____ Deputy
JoAnn Fernandez

**CERTIFICATE OF DELIVERY BY MAIL**

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

I hereby certify that on the __17__ day of __November__, 2015, at __5:00__ I mailed to _SAM'S CLUB BY MAILING TO CT CORPORATION SYSTEM_

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition and Requests for Disclosure attached thereto.

*NAME OF PREPARER _____ TITLE

ADDRESS _____

CITY _____ STATE _____ ZIP _____

_MIKE VECK SCH 3632 EXP 3-31-17_
_PROCESS SERVER_
TITLE



EXHIBIT
A

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____
_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned
undelivered marked _____.

      This forwarding address was provided:_____


                            El Paso County, Texas

By:_____
                         Deputy District Clerk

                             **OR**

        _____
                    Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

                            Subscribed and sworn to be on this _____ day
                            of _____, _____.

                            _____
                            Notary Public, State of _____
                            My commission expires:_____

El Paso County - 171st District Court

Filed 9/9/2015 2:57:38 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3018

IN THE _____ JUDICIAL DISTRICT COURT

OF EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| NATHANIEL BUTKO | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CAUSE NO.: _____ |
| | § | |
| SAM'S CLUB | § | |
| | § | |
| DEFENDANT. | § | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **NATHANIEL BUTKO** and files this Original Petition and Requests for Disclosure, and would show the following:

### PETITION

### Discovery Control Plan

1.    Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff hereby requests that discovery be conducted under Level 3, Texas Rule of Civil Procedure 190.4. Plaintiff moves for an order that discovery be conducted in accordance with the discovery control plan tailored to the circumstances of this specific case, pursuant to Rule 190.4(a).

### Parties

2.    Plaintiff **NATHANIEL BUTKO** is a resident of EL Paso County, Texas. Plaintiff files this action in his individual capacity.

1

3.  Defendant Sam's Club (SAM'S) appears to be the assumed name of a nonresident corporation engaged in business in the State of Texas, out of which this cause of action arises. Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Defendant SAM'S is sued under its assumed name and may be served with process by service on its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### Venue

4.  Venue is proper in this Court because the incidents that form the basis of this suit occurred in El Paso County, Texas.

### Facts

5.  Sam's Club, store 6502, is located at 7001 Gateway Blvd. W., El Paso, Texas 79925 (the 'Premises').

6.  On July 25, 2015, Defendant SAM'S owned, occupied and managed, directed, superintended, regulated, administered or oversaw the day to day operations conducted at the Premises. As such, Defendant's status is that of a 'possessor of the premises' under Texas law.

7.  On July 25, 2015, Defendant SAM'S utilized the Premises as a retail store modeled on a warehouse club design selling a wide variety of merchandise in which customers may buy large wholesale quantities of the store's products.

8.  On July 25, 2015, merchandise was, in large part, displayed utilizing a pallet rack storage system through out the store.

9.  On July 25, 2015, a bent releasable locking apparatus designed to lock together a studded end plate connector to a notched vertical frame column of one of the pallet racks

displaying merchandise on the Premises protruded out into one of the store's main aisle walkways.

10. The releasable locking apparatus in question was bent in a manner such that it no longer functioned as originally designed.

11. The releasable locking apparatus in question was bent in such a way that it protruded into the aisle. Both the protrusion into the aisle and the resulting "V" shape of the bent locking apparatus presented an unreasonably dangerous snagging or catching mechanism to invitees utilizing this main aisle walkway in the store who passed very close or for any reason reached towards the pallet rack.

12. Defendant knew or should have known the releasable locking apparatus in question was bent and protruding into the aisle and knew or should have known of the unreasonable risk of harm the protruding metal apparatus presented to invitees. On information and belief, this dangerous condition existed long enough to give Defendant a reasonable opportunity to discover it and render the condition safe prior to this incident.

13. On July 25, 2015, Plaintiff entered the Premises with Defendant's express or implied knowledge for the purpose of shopping—an activity that was for the parties' mutual benefit.

14. Plaintiff's status was that of 'invitee' under Texas law.

15. On the date in question, while shopping at Defendant's premises, Plaintiff reached his hand towards a vertical frame column of the pallet rack in question. During this moment, portions of Plaintiff's left hand became ensnarled, snagged or caught in the "V" shaped bent releasable locking apparatus that protruded into the aisle.

16.   As a direct and proximate result, Plaintiff sustained serious injury.  In response to having portions of his left hand ensnarled, snagged or caught in the "V" shaped bent releasable locking apparatus, Plaintiff experienced an involuntary motor reflex response ('recoil'). This involuntary action/response applied sufficient force to shear, rip and ultimately amputate his left hand middle finger above the middle joint as well as damage additional areas of his left hand.

17.   Plaintiff required medical treatment and will continue to require medical treatment in the future.  Plaintiff experienced physical pain and suffering, and mental anguish, and will continue to experience physical pain and suffering and mental anguish in the future.

18.   Plaintiff is permanently disfigured and physically impaired as a result of the incident. Plaintiff has lost substantial occupational and normal function of his left hand and, as a matter of reasonable medical probability, will never regain full function of his left hand.

19.   Plaintiff earns a living and supports family members as a licensed dentist. Plaintiff's injuries substantially impair his ability to practice his trade and will more likely than not result in a loss of earning capacity (past and future).

20.   Plaintiff has incurred reasonable and necessary expenses for medical treatment related to this incident.  Plaintiff will continue to incur reasonable and necessary expenses for medical treatment.

**Cause of Action**

21.   On July 25, 2015, Plaintiff was an invitee on Defendant's Premises at the time of the injury.  Defendant was an owner or operator of Sam's Club which was open to the membership and their invited guests. As such, Defendant was a possessor for purposes of

4

premises liability.  The resulting "V" shape of the bent releasable locking apparatus that protruded into the aisle was a premises defect that Defendant knew or should have known presented an unreasonable risk of harm to invitees and this dangerous condition existed long enough to give Defendant a reasonable opportunity to discover it and render the condition safe prior to this incident.    Defendant failed to use reasonable care to warn Plaintiff or render this dangerous condition safe.

22.    Defendant's failure to make the unreasonably dangerous condition safe—by either warning of the danger or eliminating the dangerous condition, was the proximate cause of the following damages, for all of which Plaintiff sues, in an amount within the jurisdictional limits of this Court:

    a.    Plaintiff's physical pain and suffering in the past.

    b.    Plaintiff's physical pain and suffering in the future.

    c.    Plaintiff's mental anguish in the past.

    d.    Plaintiff's mental anguish in the future.

    e.    Plaintiff's disfigurement in the past.

    f.    Plaintiff's disfigurement in the future.

    g.    Plaintiff's physical impairment in the past.

    h.    Plaintiff's physical impairment in the future.

    i.    Reasonable and necessary medical expenses incurred in the past.

    j.    Reasonable and necessary medical expenses which will be incurred in the  future.

    k.    Plaintiff's past lost earning capacity.

    l.    Plaintiff's future lost earning capacity.

## Jury Demand

23.    Plaintiff requests a trial by jury.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays Defendant be cited to appear and answer herein, that the case be tried to the jury, and that upon final trial, judgment be entered in his favor and he be awarded the following:

a.    Plaintiff's physical pain and suffering in the past.

b.    Plaintiff's physical pain and suffering in the future.

c.    Plaintiff's mental anguish in the past.

d.    Plaintiff's mental anguish in the future.

e.    Plaintiff's disfigurement in the past.

f.    Plaintiff's disfigurement in the future.

g.    Plaintiff's physical impairment in the past.

h.    Plaintiff's physical impairment in the future.

i.    Reasonable and necessary medical expenses incurred in the past.

j.    Reasonable and necessary medical expenses which will be incurred in the future.

k.    Plaintiff's past lost earning capacity.

l.    Plaintiff's future lost earning capacity.

m.    Plaintiff's costs of court;

n.    Pre-judgment and post-judgment interest accruing at the maximum rate allowed by law;

·o.     Such other and further relief as the Court deems necessary, proper  and

equitable, general or specific, to which Plaintiff may show  himself  to  be·

justly entitled.

## REQUESTS FOR DISCLOSURE

TO:     Sam's Club, Defendant:

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that you

disclose, within 50 days of the service of this request, the information and material described in

Rule 194.2 of the Texas Rules of Civil Procedure.

Respectfully submitted,

**ARMSTRONG & HAMRICK**

**THOMAS W. HAMRICK**
SBN:  08879025
6060 Surety Drive, Ste. 230
El Paso, Texas  79905
Telephone: (915)566-5529
Facsimile: (915)779-8790
**Attorney for Plaintiff**

**JOHN P. MOBBS**
SBN:  00784618
7170 Westwind Dr., Ste. 201
El Paso, Texas  79912
Telephone: (915)541-8810
Facsimile:  (915)541-8830
**Co-Counsel for Plaintiff**

7

Filed 12/8/2015 3:07:52 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3018

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
171ST DISTRICT COURT

| | | |
|---|---|---|
| NATHANIEL BUTKO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2015DCV3018 |
| | § | |
| SAM'S CLUB, | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant SAM'S CLUB (correctly named SAM'S EAST, INC.) files its Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all material allegations contained in Plaintiff's Original Petition and demand strict proof thereof as required by law.

### II.

### DEFENSES

A.      The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.      To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Original Petition, which Defendant denies, those injuries and damages were proximately caused by the acts

or omissions of persons and/or entities over whom Defendant has no control and for whom Defendant has no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.      Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.      Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

F.      The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

G.      Defendant pleads Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

H.      Defendant pleads the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

### III.

### AFFIRMATIVE DEFENSES

In the alternative, and without waiving the foregoing, Defendant asserts the following affirmative defenses:

A.      Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars his recovery or, in the alternative, reduces it proportionately.

14475-302 / 1231767

B.      To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendant is not responsible for any damages that could have been avoided.

C.      Defendant pleads all limitations on damages under Chapter 41 of the Civil Practice and Remedies Code, and all limitations on punitive damages under the United States Constitution including Defendant's right under the due process clause and under the 8th Amendment and under the Texas Constitution.

## IV.

## JURY DEMAND

Defendant requests trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays to the Court that it be allowed to go hence without day and with its costs.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:  _____
Laura Enriquez
State Bar No. 00795790
Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this ___ day of _____ 2015, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Thomas W. Hamrick
Armstrong & Hamrick
6060 Surety Drive, Ste. 230
El Paso, Texas 79905
(915) 566-5529 phone
(915) 779-8790 fax

John P. Mobbs
7170 Westwind Dr., Ste. 201
El Paso, Texas 79912
(915) 541-8810
(915) 541-8830 fax

Laura Enriquez

14475-302 / 1231767

El Paso County - 171st District Court

Filed 12/8/2015 3:07:52 PM
Norma L. Favela
District Clerk
El Paso County
2015DCV3018

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
171ST DISTRICT COURT

| | | |
|---|---|---|
| NATHANIEL BUTKO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2015DCV3018 |
| | § | |
| SAM'S CLUB, | § | |
| Defendant. | § | |

## DEFENDANT'S SUBMISSION OF FEE FOR TRIAL BY JURY

**TO THE DISTRICT CLERK:**

Defendant SAM'S CLUB (correctly named SAM'S EAST, INC.) having filed with the clerk of the court a written request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit with the clerk the jury fee of THIRTY DOLLARS ($30.00). The clerk, pursuant to Texas Rule of Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Box 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: _____
Laura Enriquez
State Bar No. 00795790
Attorneys for Defendant

14475-291/1222324

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this ___ day of _____ 2015, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Thomas W. Hamrick
Armstrong & Hamrick
6060 Surety Drive, Ste. 230
El Paso, Texas 79905
(915) 566-5529 phone
(915) 779-8790 fax

John P. Mobbs
7170 Westwind Dr., Ste. 201
El Paso, Texas 79912
(915) 541-8810
(915) 541-8830 fax

_____
Laura Enriquez



**Form 503**
**(Revised 09/13)**

Return in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512 463-5709
**Filing Fee: $25**

**Assumed Name Certificate**

This space reserved for office use.

**F I L E D**
**In the Office of the**
**Secretary of State of Texas**

**SEP 0 3 2014**

**Corporations Section**

## Assumed Name

1. The assumed name under which the business or professional service is, or is to be, conducted or rendered is:      **Sam's Club**

## Entity Information

2. The legal name of the entity filing the assumed name is:

     **Sam's East, Inc.**

*State the name of the entity as currently shown in the records of the secretary of state or on its organizational documents, if not filed with the secretary of state.*

3. The entity filing the assumed name is a: (Select the appropriate entity type below.)

[X] For-profit Corporation      [ ] Limited Liability Company

[ ] Nonprofit Corporation      [ ] Limited Partnership

[ ] Professional Corporation      [ ] Limited Liability Partnership

[ ] Professional Association      [ ] Cooperative Association

[ ] Other _____
    *Specify type of entity. For example, foreign real estate investment trust, state bank, insurance company, etc.*

4. The file number, if any, issued to the entity by the secretary of state is:    **0013105206**

5. The state, country, or other jurisdiction of formation of the entity is:    **Arkansas**

6. The entity's principal office address is:

**702 SW 8th Street**
*Street or Mailing Address*

**Bentonville**      **AR**      **USA**      **72716**
*City*      *State*      *Country*      *Postal or Zip Code*

## Period of Duration

[X] 7a. The period during which the assumed name will be used is 10 years from the date of filing with the secretary of state.

**OR**

[ ] 7b. The period during which the assumed name will be used is _____ years from the date of filing with the secretary of state (not to exceed 10 years).

**OR**

[ ] 7c. The assumed name will be used until _____ (not to exceed 10 years).
                                                 *mm/dd/yyyy*

Form 503

**RECEIVED**

SEP 0 3 2014

**Secretary of State**

4



TX022 - 09/04/2013 Wolters Kluwer Online

## County or Counties in which Assumed Name Used

8.  The county or counties where business or professional services are being or are to be conducted or rendered under the assumed name are:

☒ All counties

☐ All counties with the exception of the following counties: _____

_____

☐ Only the following counties: _____

---

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and also certifies that the person is authorized to sign on behalf of the identified entity.  If the undersigned is acting in the capacity of an attorney in fact for the entity, the undersigned certifies that the entity has duly authorized the undersigned in writing to execute this document.

Date:   <u>September 3, 2014</u>

<u>Karl David Stouffer</u>

Karl David Stouffer, Assistant Secretary

Signature of a person authorized by law to sign on behalf of the
identified entity (see instructions)